# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST COMMONWEALTH BANK, | ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO. 3:10-232 |
| v. | ) JUDGE KIM R. GIBSON ) |
| FRESH HARVEST RIVER, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF COURT

This matter comes before the Court on Plaintiff First Commonwealth Bank's Motion for Remand (Doc. No. 9) and Brief in Support (Doc. No. 10). Defendant Fresh Harvest River, LLC has filed a Brief in Opposition (Doc. No. 11). For the reasons enumerated below, the Court will **DENY** Plaintiff's Motion.

As Plaintiff sets forth in its Brief, the instant action arises from a legal dispute concerning a loan obtained by Defendant from Plaintiff. Doc. No. 10 at 2. The loan had been partially secured through a provision that enabled Plaintiff to confess judgment against Defendant in Pennsylvania state court should Defendant default on the loan. *Id.* at 2-3. Plaintiff asserts that Defendant defaulted, and Plaintiff therefore filed a Complaint in Confession of Judgment in the Court of Common Pleas of Clearfield County at docket number 2010-1410-CD, pursuant to Pa. R.C.P. 2951. That same day, the state court Prothonotary entered judgment in Plaintiff's favor for $3,082,146.24.[1] On September 10, 2010, pursuant to Pa. R.C.P. 2959, Defendant filed a Petition to Open and/or Strike the Confession of Judgment in state court, and subsequently removed the proceedings to this Court. Doc. No. 1.

---

[1] Plaintiff also filed a separate Complaint in Confession of Judgment in the amount of $95,567.78 at docket number 2010-1409-CD, arising from the same controversy as the instant case. That proceeding was also removed to this Court, at civil action number 3:10-231. Plaintiff has filed a Motion to Remand in that case, presenting the same arguments, which the Court will address via separate Order.

1

Plaintiff argues that the *Rooker-Feldman* doctrine applies here to bar federal subject matter jurisdiction for the instant suit. As Plaintiff notes, that doctrine – which is rooted in two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – stands for the proposition that losing parties in state court cannot obtain district court review of "state court judgments rendered before the district court proceedings commenced". *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). As the Third Circuit has explained, the doctrine bars district courts from reviewing final judgments of state courts. *Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004). This is because 28 U.S.C. § 1257, which states that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court", effectively limits the ability to review such judgments to the Supreme Court's jurisdiction. *Id.*

A review of the history of this case in state court reveals that the confessed judgment is not a final judgment for *Rooker-Feldman* purposes. Although Plaintiff filed its Complaint in Confession of Judgment in the Court of Common Pleas of Clearfield County and obtained an entry of judgment in its favor the same day, Defendant subsequently filed a Petition to Open and/or Strike the Confession of Judgment, pursuant to Pa. R.C.P. 2959. Under Pennsylvania law, once the latter petition is filed, "the litigation becomes an adjudication upon the merits of the defenses raised" – and therefore *not* a final judgment. *Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62, 67 (3d Cir. 1978); see also *Rait Partnership, L.P. v. Nathan*, 2012 WL 488253 at *1 (E.D.Pa. Feb. 14, 2012) (denying motion to remand and finding the *Rooker-Feldman* doctrine not applicable because the entry of a confessed judgment, on its own, is not a final judgment until the time to challenge it has passed).

To support its Motion, Plaintiff relies on two district court opinions – *S&T Bank v.*

2

*Zokaites*, 2011 WL 1298171 (W.D.Pa. March 31, 2011) and *In re Sabretooth, LLC*, 443 B.R. 671 (E.D.Pa. 2011). However, neither of those decisions is controlling here. In *Zokaites*, the district court granted the plaintiff's motion to remand largely because the defendant, who had removed the case to federal court, never filed any responsive pleading to the confessed judgment in state court prior to removal. As already noted, in the instant case Defendant properly filed its Petition in state court prior to removal. Nor does *Sabretooth* provide any support for Plaintiff's argument; that case involved proceedings in federal bankruptcy court which were separate from the state court proceedings – i.e., not removed to federal court from state court, as was the case here. Finally, as Defendant rightfully notes, the Third Circuit has long recognized district courts' jurisdiction over properly removed confessed judgment proceedings controlled by Pennsylvania law. See *F.D.I.C. v. Deglau*, 207 F.3d 153 (3d Cir. 2000); *Resolution Trust Corp. v. W.W. Dev. & Mgmt., Inc.*, 73 F.3d 1298, 1300 (3d Cir. 1996). Accordingly, Plaintiff's argument fails.

**AND NOW**, this 1st day of June 2012, upon consideration of Plaintiff First Commonwealth Bank's Motion for Remand (Doc. No. 9), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON,
**UNITED STATES DISTRICT JUDGE**

3